The National Loan and Investment Company et al, Appellants, v. The Board of Supervsors of Linn County, Appellees.

Intoxicating liquors: ASSESSMENT OF MULCT TAX: LISTING OF PERSONS AND PROPERTY.  Should the assessor fail to return a list of the persons engaged in the sale of intoxicating liquors and a description of the property wherein the business is carried on, as required by statute, any three citizens of the county may procure the listing of such persons and places for the purpose of assessing the mulct tax; and it is no objection to the validity of the tax that the same was assessed, pursuant to such listing, after the expiration of the time to which the tax relates.

*Appeal from Linn District Court.*— Hon. B. H. Miller, Judge.

Thursday, March 19, 1908.

Proceedings in equity to set aside a mulct tax assessment.   The relief demanded by plaintiffs was denied, and they appeal.

*F. L. Anderson,* for appellants.

*Voris & Haas,* for appellees.

BISHOP, J.— On July 6, 1905, a notice signed by three citizens of Linn county was served upon these plaintiffs advising them that on July 20, 1905, it was intended by said signers to list with the county auditor certain described property, situated in Marion, said county, as premises used in carrying on traffic in intoxicating liquor, " for the purpose of charging the said property and persons with the mulct tax provided by law to be assessed against said property and persons for the quarter beginning October 1, 1904, and the quarter beginning January 1, 1905." On July 20th said notice, with proof of service, was filed with the county auditor; also an affidavit of said citizens to the effect that the premises in question had been used and occupied by these plaintiffs during the period from October 1, 1904, to April 1, 1905, as a place for traffic in intoxicating liquor. There was no appearance in response to the notice, and the auditor made and entered an assessment for each of the quarter years designated in the notice. Thereafter plaintiffs appeared before the board of supervisors, and by writing filed prayed a cancellation of the assessment and tax so entered, and this upon the ground that the listing and assessment was without jurisdiction and void, " in that said three citizens have no right, power or authority in law to list any property for mulct tax after the expiration of the quarters, and the county auditor has no power or jurisdiction to certify the same for such purposes after the expiration of such quarters." On the hearing before the board, the prayer of the petition was denied. An appeal to the district court was then prosecuted, with the result that the action of the board was affirmed. The appeal to this court followed.

As indicated by the foregoing statement, the sole question presented for our determination is whether under the " Mulct Law," so called, there may be a listing of property and names of citizens, and an assessment of taxes made by the county auditor, after the expiration of the quarter year to which such listing and assessment is intended to have re-

lation. The authority to tax is, of course, derived from the statute, and we may properly take note of this point of the provisions governing the subject. By Code, section 2432, it is provided that every person engaged in selling or keeping for sale intoxicating liquors, or maintaining a place where such liquors are sold or kept for sale, shall pay an annual tax of $600 in quarterly installments. By Code Supp., section 2433, it is provided that in the months of December, March, June and September of each year, and before the 20th day of each said months, the assessor of each township, etc., " shall return to the county auditor a list of persons who are, or since the last quarterly return have been, engaged in carrying on within said township . . . the business of selling or keeping for sale intoxicating liquors, . . . and also a description of the real property wherein or whereon such business is carried on," etc. Five days before making his return the assessor shall give to each person intended to be listed, and to the owner and occupant of each place intended to be listed, a notice in writing of such intention. By Code Supp. section 2435, it is further provided that " should the assessor for any reason fail to perform his duty, any three citizens of the county can, by verified statement on information and belief, addressed to the county auditor, procure the listing of names and places . . . with the same force and effect as if done by the assessor." Five days' notice in writing of intention to so list must be served on the same parties and in the same manner as required of the assessor where the return is made by him. And Code, section 2436, provides that the quarterly installments shall become due and payable on the first day of the month following the quarter year for which the listing is returned.

Counsel for appellant insist that these provisions of statute, as in the case of all other tax provisions, must be construed strictly. And the argument here is that, as the assessor is not given authority to list otherwise than for the current quarter year, the citizens whose right to act arises

only upon the failure of the assessor to perform his duty are limited in such right to the measure of the authority possessed by that officer; that is, they may do that which he should have done, and nothing more. At first blush, some force would seem to attach to this argument. But on reflection we conclude that it does not meet the case. It is true that, by general rule, laws providing for the imposition and collection of taxes are to be strictly construed. This is so because taxes in whatever form they come are a burden, and, in keeping with our scheme of government, they are to be imposed and collected only where necessary either to the needs of the State, or to effectuate some policy considered essential to the general welfare. But while this is so, it is very clear that within the intendment of the law no property or business subject to tax is to be allowed to escape its just share of the burden. And the duty rests upon every person having property or being engaged in a business, coming plainly within the provisions of a tax law, to report the same for assessment and taxation. Code, sections 1312, 2432. The latter section provides that every dealer in intoxicating liquor shall pay an annual tax of $600 in quarterly installments, "which tax shall be a lien upon the real property wherein or whereon the business is carried on," etc. The tax and the obligation to pay are fixed and certain, and the courts will not indulge in any overrefinement in the way of construction to reach a holding that the obligation and the lien securing it must be regarded as forgiven and canceled if, forsooth, the taxpayer can succeed in concealing from the assessor the fact of his business until the last hour of a quarter year has expired. Granting, then, for the moment that an assessor may list only for the current quarter, still it does not follow from this alone that the authority of the citizens is so limited. The time within which the assessor is required to act is fixed, but there is no time restriction on the action of the citizens, save that they shall act only on the failure of the assessor to list the persons and places subject

to tax within the time allowed him therefor. As the statute does not in terms require us to denounce the obligation to pay a mulct tax for an expired quarter year as a stale claim, and, as such, barred under its provisions, we have no difficulty in reaching the conclusion that the contention of plaintiffs is without merit.— *Affirmed.*